UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODNEY KEITH PERKINS,<br>Plaintiff,<br>-against-<br>CENTRAL INTELLIGENCE AGENCY,<br>Defendant. | 1:25-CV-4240 (GBD)<br>ORDER OF DISMISSAL |

GEORGE B. DANIELS, United States District Judge:

Plaintiff Rodney Keith Perkins, also known as "Imhotep Dragon Yeshau Christ Tutankhamun" and "Officer Dragon Tut," of San Antonio, Texas, who is appearing *pro se*, brings this action asserting claims against the Central Intelligence Agency ("CIA"). He seeks unspecified relief in his complaint.[1] By separate order dated June 30, 2025, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) This Court dismisses the above-captioned action as frivolous.

## LEGAL STANDARD

This Court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court also must dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

[1] Plaintiff has filed a "motion seeking default judgment." (ECF No. 6.) He seems to seek damages in that motion.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff's claims against the CIA arise from "non payment of [a] contract as a kid[]spy." (Compl., ECF No. 1, at 1.) Plaintiff states that this alleged contract, ratified by former Secretary of State Madeline Albright, was signed by Plaintiff when he was six years old. Plaintiff has made numerous attempts to correspond with the CIA. He also alleges that he "has been kidnapped by the Perkins family." (*Id.*) Plaintiff's "memory had been erased and [he has] gained [his] memory back." (*Id.*) Plaintiff asserts that he is a 62-year veteran of the CIA and that his "age . . . and date of birth" "was changed"; he is "actually 71 years old." (*Id.*) Plaintiff states that his mother, Queen Miriam Aida Neffertiti Christ Tutankhamun, and six others were killed in San Antonio, Texas. (*Id.*) He also states that he "was kidnapped from Egypt." (*Id.* at 2.)

## PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Plaintiff's claims are frivolous

The IFP statute requires a court to dismiss an action, or a portion of the action, if it determines that it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

---

[2] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33 (finding allegations frivolous and baseless that set forth a fantastical alternative history of the September 11, 2001, terrorist attacks)).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* at 368. Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]" (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." (footnote omitted))).

Plaintiff's claims against the CIA are premised upon his belief that, at age six, he signed a contract with the CIA and that, for 62 years, he worked for the CIA; he states that he is now 71 years of age. (*See* Compl. at 1.) These allegations amount to conclusory allegations and assertions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, this Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. This Court therefore dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an [IFP] complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief'").

**B. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing a claim with prejudice in the absence of any indication that the plaintiff could or would provide additional allegations leading to a different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to file an amended complaint.

**CONCLUSION**

This Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). This Court therefore denies Plaintiff's pending motion. (ECF No. 6.) The Clerk of Court is directed to terminate the open motion at ECF No. 6 and enter judgment dismissing this action for the reason set forth in this order.

This Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: AUG 19 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge